---

Appeal of **TAYLOR-PARKER CO.,**                    Docket No. 1343.
                  **INC.**

Submitted April 6, 1925; decided May 20, 1925.

*Frederick B. Hill, C. P. A.,* for the taxpayer.
*Ward Loveless, Esq.,* for the Commissioner.

Before Ivins, Marquette, and Morris.

This appeal is from a deficiency asserted by the Commissioner against the taxpayer for the fiscal years ended February 28, 1919, and February 29, 1920, and the ten-month period ended December 31, 1921, in the sum of $3,004.30, of which sum $2,300 is in controversy. The deficiency arose from (1) the refusal of the Commissioner to permit the taxpayer to take as a deduction certain sums set aside for a bonus to be paid to employees, and (2) an error in computing invested capital, resulting from improper prorating of prior years' taxes. This latter error is now admitted by the Commissioner.

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of Virginia with its principal place of business in Norfolk, Virginia.
2. For the fiscal years ended February 28, 1919, and February 29, 1920, the taxpayer set aside for each year the sum of $2,000 as a bonus to be paid to employees. No particular employees were designated to receive the bonus. The taxpayer, in making up the balance sheets for these years, included the bonus among the other accounts payable.
3. The Commissioner, in determining invested capital for the year ended February 28, 1919, used as a basis of prorating the previous year's tax the original tax of $12,989.62 paid for the fiscal year ended February 28, 1918. Subsequently, the tax for the fiscal year ended February 28, 1918, was reduced from $12,989.62 to $9,166.97, but the taxpayer was not given credit for this reduction of taxes in determining the invested capital for the subsequent year. This error is admitted in the answer of the Commissioner.

### DECISION.

The action of the Commissioner in disallowing as a deduction the amounts set aside for a bonus to be paid employees is approved. The deficiency should be recomputed to correct the error admitted in the answer of the Commissioner, and final decision will be settled on ten days' notice, in accordance with Rule 50.

61359°—26——74